UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| JPM RESTAURANT, LLC, | ) | |
| *Plaintiff,* | ) | No. 1:24-cv-357 |
| v. | ) | Judge Curtis L. Collier |
| UNITED STATES OF AMERICA, | ) | Magistrate Judge Michael J. Dumitru |
| *Defendant.* | ) | |

# **M E M O R A N D U M**

Before the Court is a motion for partial summary judgment by Plaintiff, JPM Restaurant, LLC, pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Doc. 19.) Defendant, the United States of America, has responded. (Doc. 20.) The matter is now ripe for review.

## I. **BACKGROUND**[1]

Plaintiff, a company engaged in the restaurant business, brings the present action seeking a tax refund arising from the Employee Retention Credit ("ERC"), 26 U.S.C. §§ 3134 *et seq*. (Doc. 1.) ERC funds were offered by the Internal Revenue Service ("IRS") as part of the government program created to alleviate the economic impacts of the COVID-19 pandemic. (*Id.* ¶ 9.)

According to Plaintiff,

> during the COVID-19 pandemic, Plaintiff was compelled to suspend and/or modify a more than normal portion of its business due to compliance with State, Local[,] or Federal government-issued orders limiting commerce, travel, or group meetings, including (but not limited to) substantially increasing processing and check-in times for employees due to mandated social distancing, temperature checks and sanitation, being unable to meet with prospective employees due to social distancing and indoor occupancy restrictions, limitations on customer capacity, and

---

[1] Factual disputes and reasonable inferences regarding the underlying facts are presented in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

other restrictions imposed by State and Local government which resulted in a reduction in gross receipts sought to be alleviated by the ERC program.

(*Id.* ¶ 14.) Based on these conditions, Plaintiff asserts it qualified for the ERC for the second, third, and fourth quarters of the 2020 calendar year, as well as the first, second, and third quarters of the 2021 calendar year. (*Id.* ¶ 15.) Plaintiff filed an ERC refund claim in the amount of $338,132.56 with the IRS on May 19, 2023.[2] (*Id.*) Because the United States had not issued any refunds within six months of Plaintiff's refund claim, Plaintiff filed a refund lawsuit in this Court on November 11, 2024. (*Id.* ¶¶ 19–24.)

On January 7, 2025, the IRS Office of Chief Counsel referred the case to the Department of Justice ("DOJ") for defense. (Doc. 20 at 3 (citing Doc. 20-1 [Decl. David D. Duncan] ¶ 4).) On February 18, 2025, the IRS reviewed and approved Plaintiff's ERC request for the third and fourth quarters of 2020 and the first, second, and third quarters of 2021. (Doc. 19-1.) According to the United States, however, "the IRS erroneously approved Plaintiff's claims for four of the six quarters at issue." (Doc. 20 at 1 (citing Doc. 20-1 [Decl. Duncan] ¶ 7).) "Because the claims were approved in error, the IRS appropriately stopped the resulting refunds from issuing." (*Id.*) As of today, the United States has not issued any refunds to Plaintiff. (Doc. 1 ¶ 18.)

Plaintiff now moves for partial summary judgment, arguing that "it is entitled to judgment as a matter of law because the IRS has unambiguously approved Plaintiff's ERC requests for these quarters and Defendant has no legitimate basis for withholding payment." (Doc. 19-2 at 1.) The United States responded in opposition (Doc. 20), and the matter is now ripe for review.

---

[2] Plaintiff seeks a total refund amount of $338,132.56. Breaking it down into each quarter, Plaintiff claims $30,885.31 for quarter two in 2020; $48,511.35 for quarter three in 2020; $32,092.37 for quarter four in 2020; $102,004.00 for quarter one in 2021; $58,538.45 for quarter two in 2021; and $66,100.09 for quarter three in 2021. (Doc. 1 ¶ 15.)

2

## II. **STANDARD OF REVIEW**

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The Court should view the evidence, including all reasonable inferences, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

To survive a motion for summary judgment, "the non-moving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial." *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). Indeed, a "[plaintiff] is not entitled to a trial on the basis of mere allegations." *Smith v. City of Chattanooga*, No. 1:08-cv-63, 2009 WL 3762961, at *2–3 (E.D. Tenn. Nov. 4, 2009) (explaining the court must determine whether "the record contains sufficient facts and admissible evidence from which a rational jury could reasonably find in favor of [the] plaintiff"). In addition, should the non-moving party fail to provide evidence to support an essential element of its case, the movant can meet its burden of demonstrating no genuine issue of material fact exists by pointing out such a failure to the court. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

At summary judgment, the Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). The Court may not make credibility determinations or weigh the evidence in addressing a motion for summary judgment. *Id.* at 255.

If the Court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court should grant summary judgment.  *Id.* at 251–52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

In tax-refund cases, the plaintiff has the burden of proving by a preponderance of the evidence that they are entitled to a refund.  *Dargie v. United States*, 742 F.3d 243, 245 (6th Cir. 2014) (citing *Sherwin–Williams Co. v. United States,* 403 F.3d 793, 796 (6th Cir. 2005)).

## III. DISCUSSION

Plaintiff moves for partial summary judgment against the United States.  (Doc. 19.)  It argues that the IRS's approval of its ERC requests created "an unequivocal obligation on Defendant to issue payment for the approved quarters."  (*Id*. at 2.)  Accordingly, it contends,

> Defendant's refusal to disburse the approved ERC payments solely because this lawsuit is pending is arbitrary, capricious, and without any legal justification.  Plaintiff is entitled to the approved ERC payments as a matter law, as there is no factual dispute regarding the IRS's approval of these requests.

(*Id*. at 3.)

In response, the United States argues that Plaintiff's motion should be denied for two reasons.  First, it argues the motion should be denied because "the IRS lacked authority to approve Plaintiff's claims for refund."  (Doc. 20 at 1.)  Second, it argues the motion should be denied because Plaintiff has not met its burden of proving it is entitled to a refund.  The Court will first address the United States's argument regarding the IRS's authority.

The United States argues the IRS's approval is void because the IRS lost its authority to approve Plaintiff's ERC claims when it referred the case to the DOJ.  (Doc. 20 at 3 (quoting *Int'l Paper Co. v. United States*, 36 Fed. Cl. 313, 321 (1996) ("Put another way, it is beyond the scope of the IRS's authority to settle unilaterally a factual issue in a case pending in this court, after . . . the case has been referred to the Department of Justice.")).)  It asserts that "[s]tatute, case law, and

4

the IRS's procedural manual all demonstrate that only the Department of Justice ("DOJ") has authority to concede or settle any tax periods at issue in the instant case." (*Id*. at 1.)

According to 26 U.S.C. § 7122, the Attorney General or his delegate may compromise any civil or criminal case arising under the internal revenue laws after reference to the DOJ for prosecution or defense. Once a case is referred to the DOJ, the IRS loses its ability to compromise tax liabilities and "only the Attorney General or a person to whom authority has been delegated by the Attorney General may settle the matter." *United States v. Hurley*, No. 3:18-CV-485, 2020 WL 4677428, at *2 (E.D. Tenn. June 8, 2020) (quoting *United States v. Jackson*, 511 F. App'x 200, 202 (3d Cir. 2013)). "In keeping with § 7122, the IRS's Internal Revenue Manual—a statement of policy, guidelines and procedures—follows suit, explaining that after referring a case to the DOJ, 'Justice has the exclusive authority to make and approve adjustments to the referred tax liabilities.'" (Doc. 20 at 3 (citing Doc. 20-1 [Decl. Duncan] ¶ 6).)

Pursuant to § 7122, the IRS Office of Chief Counsel referred this case to the DOJ for defense on January 7, 2025. (Doc. 20 at 3.) The United States, through Deputy Assistant Attorney General David A. Hubbert, responded to the complaint on January 14, 2025. (Doc. 9.) Over a month later, on February 18, 2025, the IRS approved Plaintiff's refund claims. (Doc. 19-1.) The United States represents the IRS did so "erroneously" because the case had already been referred to the DOJ. (Doc. 20 at 3.)

The United States is correct. Here, once the IRS referred the case to the DOJ on January 7, 2025, the power to compromise tax liabilities and concede the claims rested only with the Attorney General and its agents. *See Hurley*, 2020 WL 4677428, at *2. Without authorization from the Attorney General or its agents, the IRS's "erroneous approval" lacked legal force. *See id.* There is nothing further in the record to suggest that the Attorney General or an authorized delegate

compromised Plaintiff's tax liabilities. *See id*. Therefore, as a matter of law, the Court finds Plaintiff has not met its burden of proving by a preponderance of the evidence that it is entitled to a refund. *See Dargie*, 742 F.3d at 245.

## IV. CONCLUSION

Accordingly, the Court will **DENY** Plaintiff's motion for partial summary judgment (Doc. 19).

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**