UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JPM RESTAURANT, LLC, | ) |
|     *Plaintiff*, | ) ) ) |
| v. | ) No. 1:24-cv-357 ) ) Judge Curtis L. Collier ) Magistrate Judge Michael J. Dumitru |
| UNITED STATES OF AMERICA, | ) ) |
|     *Defendant.* | ) ) ) |

**O R D E R**

Before the court is a motion by JPM Restaurant, LLC, to reconsider this Court's October 16, 2025, Order granting Defendant's motion to stay the case (Doc. 44). (Doc. 45.) Plaintiff makes this motion under Federal Rules of Civil Procedure 59(e) and 60(b). (*Id.* at 1.)

**I.  STANDARD OF REVIEW**

A motion for reconsideration under Rule 59(e) may be made "only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Collier v. Monroe*, No. 25-cv-11959, 2025 U.S. Dist. LEXIS 160845, at *1–2 (E.D. Mich. 2025) (citing *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). Rule 60(b) allows relief from a final judgment for a number of different reasons. *Id.* at 2–3.

**II.  DISCUSSION**

Plaintiff argues that it was not given time to respond to Defendant's motion pursuant to Federal Rule of Civil Procedure 6(c). (Doc. 48 at 2.) But Rule 6(c) sets deadlines for service of motions in advance of a hearing, and there was no hearing scheduled in this case. Fed. R. Civ. P. 6(c). This Court's motion practice and briefing schedule is outlined in its Local Rules. *See* E.D.

Tenn. L.R. 7.1(a). Under Local Rule 7.2, "[u]nder exceptional circumstances, the Court may act upon a motion prior to the expiration of the response time." E.D. Tenn. L.R. 7.2. The lapse of appropriations constitutes an exceptional circumstance in that the federal government is faced with the unusual barrier of being prevented from performing non-essential work.

Furthermore, Plaintiff's response would not have made a difference. Plaintiff argues that "Defendant failed to demonstrate good cause under Rule 16(b)(4)." (Doc. 48 at 2 (emphasis removed).) Plaintiff cites two cases from other district courts in which the courts have denied stays in light of the lapse of appropriations. *Lehman v. U.S. Dep't of Labor*, No. 25-11846, 2025 WL 2808472 (E.D. Mich. Oct. 2, 2025); *In re: Camp Lejeune Water Litigation*, No. 7:23-CV-00682 (E.D.N.C. Oct. 6, 2025). In those cases, the district courts denied motions to stay and found that the government could continue to litigate if required by court order.

While some courts have found that a court order denying a motion to stay and requiring compliance would allow the government employees to continue working because their work would now be "authorized by law" (i.e. a court order), this Court does not come to that same conclusion. Under 31 U.S.C. § 1342, a United States government official may not "employ personal services exceeding that authorized by law except for emergencies involving the safety of human life or the protection of property." The Court made a finding that there was no threat to life or property such that Defendant's attorneys must be required to work during the lapse in appropriations. (Doc. 44 at 2.) Furthermore, the good cause standard is primarily measured by the moving party's diligence in attempting to meet the case management order's requirements, and there has been no showing of a lack of diligence. *See Smith v. Holston Med. Grp., P.C.*, 595 F. App'x 474, 478 (6th Cir. 2014) (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002p)). The Court, therefore, correctly found good cause to grant the stay.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for reconsideration (Doc. 45). The case remains **STAYED** pending restoration of appropriated funds to the Department of Justice.

**SO ORDERED.**

**ENTER:**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**