UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JPM RESTAURANT, LLC, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) No. 1:24-cv-357 |
| v. | ) |
| | ) Judge Curtis L. Collier |
| UNITED STATES OF AMERICA, | ) Magistrate Judge Michael J. Dumitru |
| | ) |
| *Defendant*. | ) |

**M E M O R A N D U M**

Before the Court are three motions. The first is a motion by Plaintiff JPM Restaurant, LLC to deem Plaintiff's response in opposition to Defendant's motion for summary judgment timely filed. (Doc. 57.) The second is a motion by the United States to stay trial pending resolution of dispositive motions. (Doc. 62.) And the third is Plaintiff's motion for leave to file a supplemental brief and sur-reply. (Doc. 58.)

For the reasons stated in the accompanying memorandum, the Court **GRANTS** Plaintiff's motion to deem its response in opposition to Defendant's motion for summary judgment timely filed (Doc. 57), **DENIES** Defendant's motion to stay trial pending resolution of dispositive motions (Doc. 62), and **GRANTS IN PART** Plaintiff's motion for leave to file a supplemental brief only to the extent that it may provide Directive 5 to the Court.

I. **PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO FILE RESPONSIVE BRIEF.**

Under Local Rule 7.1(a)(2), parties have twenty-one days in which to respond to dispositive motions. E.D. Tenn. L.R. 7.1(a)(2). On December 9, 2025, Defendant filed a motion for summary judgment. (Doc. 51.) Plaintiff filed its response on January 6, 2026. (Doc. 54.)

Defendant filed a reply on January 13, 2026.  (Doc. 56.)   Defendant's reply, among other arguments, seeks to strike Plaintiff's response for being untimely filed.  (Doc. 56 at 6.)  In response, Defendant filed a motion for extension of time to file a response *nunc pro tunc.*  (Doc. 57.)

First, as a procedural matter, motions to strike only apply to pleadings.  Federal Rule of Civil Procedure 12(f) governs motions to strike.  The "federal rules make only one reference to a motion to strike in Rule 12(f)."  *Dawson v. City of Kent*, 682 F. Supp. 920, 922 (N.D. Ohio 1988), *aff'd* 865 F.2d 257 (6th Cir. 1988).  It empowers courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). This rule "relates only to pleadings and is inapplicable to other filings." *Dawson*, 682 F. Supp. At 922.  Because Plaintiff's response is not a pleading, Defendant's motion to strike Plaintiff's response is procedurally improper.  However, the Court will address the Plaintiff's motion to deem its response timely filed.

Under Fed. R. Civ. P. 6(b)(1), the court may extend the time after the time has expired if the party failed to act because of "excusable neglect."  The Supreme Court has stated this is an equitable determination, "taking account of all relevant circumstances surrounding the party's omission." *Pioneer Invest. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993). This court should consider "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  *Id*. Counsel asserts that the reason for the delay was "[c]ourt holiday closures and counsel illness." (Doc. 57 at 3.)   The Court will address each ground in turn.

Counsel contends that because the Court was closed December 24–26, 2025, and January 1–2, 2026, it "materially reduc[ed] the number of days available to finalize and file the opposition."

(*Id.*)  Counsel also claims that those closures "effectively shifted the operative deadline such that it landed on Sunday, January 4, 2026, making Monday, January 5, 2026, the next business day, and rendering the January 6 filing at worst, one day late." (*Id.*)

That is not how time calculation works.  Federal Rule of Civil Procedure 6 governs the computation of time in federal court and applies "in computing any time period specified in these rules [or] in any local rule or court order." Fed. R. Civ. P. 6(a).  This rule prescribes that "[w]hen the period is stated in days or a longer unit of time," parties should "count every day, including intermediate Saturdays, Sundays, and legal holidays." Fed. R. Civ. P. 6(a)(1)(B).  This clearly belies Plaintiff's argument regarding legal holidays.  Furthermore, Plaintiff represents that the Court closures "materially reduc[ed] the number of days available to finalize and file the opposition." (Doc. 57 at 3.)  But the courthouse closures do not affect counsel's work schedule in its own office, nor does it affect the availability of electronic filing.  Therefore, the Court does not find this argument to constitute good cause or excusable neglect.

Counsel also represents that "Plaintiff's counsel and multiple staff members were ill with the flu from December 22 through the New Year." (Doc. 57 at 3.)  Counsel attaches a supporting affidavit attesting that, beginning during the week of December 22, 2025, he "contracted a serious flu-like illness," and "multiple members of [his] office staff also contracted" this illness. (Doc. 57-1 ¶ 3.)  He represents that, as a result, the office "experienced significant staffing shortages, reduced availability, and operational disfunction." (*Id.* ¶ 4.)  The Court finds that counsel and staff illness meets the excusable neglect standard.  Therefore, the Court will **GRANT** Plaintiff's motion (Doc. 57) and will deem Plaintiff's response in opposition to Defendant's motion (Doc. 54) timely filed.

## II. DEFENDANT'S MOTION TO STAY TRIAL

Defendant also moves to stay trial and pretrial deadlines pending resolution of Defendant's Motion for Summary Judgment. (Doc. 62 at 1.) Defendant represents that "[i]f granted, the Motion will be case-dispositive," but "[e]ven if denied, the Court's ruling on the questions of law will likely guide both parties' trial presentations." (*Id.*)

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Court enjoys "broad discretion under the rules of civil procedure to manage the discovery process." *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014) (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1338 (6th Cir. 1992)). The Court's judicial preferences state that continuances are not routinely granted, especially if the continuances would affect the trial date.

Here, the requested continuance may delay the trial date, and counsel has not shown good cause to amend the scheduling order. Awaiting a ruling on a dispositive motion is not good cause to extend a deadline. This is especially true given that discovery concluded on August 27, 2025, (Doc. 18 at 2) and Defendant submitted its motion for summary judgment on December 9, 2025 (Doc. 51). Both parties had the opportunity to set their own schedules for trial. It is always a possibility that dispositive motions will be ruled upon after certain pretrial deadlines. But such is the nature of civil cases. Therefore, the Court will **DENY** Defendant's motion to stay the case pending resolution of Defendant's dispositive motion.

## III. PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY.

Plaintiff also moves to file a sur-reply. (Doc. 58.) Plaintiff argues that such a reply is necessary because Defendant's reply brief raised new arguments and evidence. (*Id.* at 1.) Plaintiff asserts that Defendant's reply "(i) requests the extraordinary remedy of striking JPM's opposition

4

as "late-filed," (ii) attaches extensive new material as Exhibit A, and (iii) reframes and expands arguments in a manner that warrants a targeted response so the matter may be fully briefed and decided on the merits." (*Id.*)  Because the Court has deemed Plaintiff's response timely filed, the first argument is moot.

"Whether to permit a party to file a surreply is a matter left to the trial court's discretion." *Rose v. Liberty Life Assur. Co.*, No. 3:15-cv-28, 2015 U.S. Dist. LEXIS 141519, at *4 (W.D. Ky. Oct. 16, 2015).  Under Local Rule 7.1(d), "[n]o additional briefs, affidavits, or other papers in support of or in opposition to a motion shall be filed without prior approval of the Court, except that a party may file a supplemental brief of no more than 5 pages to call to the Court's attention developments occurring after a party's final brief is filed." E.D. Tenn. L.R. 7.1(d).

This supplemental brief does not address developments that occurred after the final brief was filed but rather seeks to address issues brought up by Defendant in its reply brief.  (Doc. 58 at 1.)  As to that argument, the Court of Appeals for the Sixth Circuit has held that:

> When new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated, a problem arises with respect to Federal Rule of Civil Procedure 56(c)… [i]t is only logical that the purposes of notice and opportunity to respond extend Rule 56(c) to the situation where the moving party submits in a reply brief new reasons and evidence in support of its motion for summary judgment, and require a district court to allow the nonmoving party an opportunity to respond.

*Seay v. Tenn. Valley Authority*, 339 F.3d 454, 481–82 (6th Cir. 2003) (finding that the district court abused its discretion in failing to allow the non-moving party an opportunity to file a sur-reply brief).  But "*Seay* only mandates that the district court provide an adequate opportunity to respond, not an indefinite opportunity to respond." *Key v. Shelby Cnty.*, 551 F. App'x 262, 265 (6th Cir. 2014).

Here, Defendant did not present any new evidence in its reply brief such that a sur-reply is necessary for Plaintiff to have an adequate opportunity to respond. Plaintiff seeks the sur-reply to address the Reply's "reliance on Exhibit A and its broad assertions drawn from that compilation; and placing Hamilton County Health Department Directive 5 and the supporting affidavits before the Court as part of a complete record." (Doc. 59 at 4.) Plaintiff also argues that the reply adds "extensive 'cleanup' submissions and sanction-flavored arguments tied to discovery supplementation and Rule 37(c)(1)." (*Id.* at 3.) And Plaintiff's proposed sur-reply addresses alleged new arguments about a winding down period and substantiation of claimed ERC amounts. The Court will address each of these three alleged new arguments in turns.

### A. Defendant's submission of Exhibit A

As to the submission of Exhibit A and the framing thereof, these documents were referenced in Plaintiff's response to summary judgment, in which it noted that Plaintiff "did in fact produce approximately one hundred and fifty (150) pages of governmental orders from the City of Chattanooga Mayor's Office and Hamilton County Health Department Directives, which have the full force and effect of law, and clearly satisfy the Order requirement contemplated by the ERC statute." (Doc. 54 at 3.) Plaintiff clearly cites the Bates-stamped documents in its response brief, and it should have attached them as such there. Defendant merely attaching documents referenced in Plaintiff's response brief does not constitute a new argument, but rather a responsive argument.

However, Plaintiff claims that there is a missing directive—Directive 5—from Defendant's exhibit package in Exhibit A. (Doc. 59 at 2.) In response, Defendant cites Federal Rule of Civil Procedure 37(c)(1) and claims that "Directive 5, which JPM seeks to admit, was never previously provided to the United States." (Doc. 61 at 4.) However, Rule 37(c)(1) applies only when a party "fails to provide information or identify a witness as required by Rule 26(a) or (e)." Fed. R. Civ.

6

P. 37(c)(1). Defendant does not argue that it asked for said directive or that it was the kind of material that should have been included in its initial disclosures. The Court finds that, although Plaintiff should have provided said documents in its responsive briefing, having access to the complete array of materials that Plaintiff references in its responsive briefing (Doc. 54 at 3) would substantially assist the Court in determining the merits of this case. Therefore, the Court will allow supplementation only as to Directive 5.

### B. Arguments related to discovery sanctions

As to the "sanction-flavored arguments" tied to discovery supplementation (Doc. 59 at 3), the Court does not find that the reply brief sufficiently raises these arguments such that they warrant a reply. *See Meridia Prods. Liab. Lit. v. Abbott Labs.*, 447 F.3d 861, 868 (6th Cir. 2006) ("It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to put flesh on its bones.") (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997)). Defendant's reply brief cursorily references Rule 37(c)(1) exactly once in a single citation. (Doc. 56 at 11.) It does so in its response to Plaintiff's arguments about the Bates-stamped local orders, then provides the documents in an exhibit. Defendant does not elaborate on whether these documents were required disclosures or whether it requested such documents. *See Fed. R. Civ. P. 37*. Therefore, no sur-reply is needed because the Court does not construe Defendant's reply (Doc. 56) as seeking sanctions or action under Rule 37(c).

### C. Other alleged new arguments

As to the points in Plaintiff's reply brief that are supposedly responsive to new arguments, the Court does not find there to be any new arguments brought up in Defendant's reply brief. Plaintiff states that "[t]he Government further argues that because state and county restrictions were 'winding down' in later quarters of 2021, JPM necessarily cannot show qualifying impacts

in those quarters." (Doc. 58-1 at 4.) But the Court cannot locate that argument or any similar argument in the Defendant's reply brief.[1] Plaintiff also states that Defendant made a new argument about a lack of substantiation of claimed ERC amounts that is incorrect and misstates the record, and responds to such argument. (Doc. 58-1 at 4–5.) But again, this exact argument was made in Defendant's motion for summary judgment. (*See* Doc. 52 at 27–28.) The reply brief does not bring up any new arguments, but rather rebuts Plaintiff's arguments about the amount being an evidentiary issue. (Doc. 56 at 18.) Therefore, this is not a new argument or issue that warrants a sur-reply. There being no new arguments brought up in Defendant's brief, there is no need for further briefing.

## IV. CONCLUSION

For the foregoing reasons, the Court will **GRANT** Plaintiff's motion for extension of time to file a responsive brief *nunc pro tunc* (Doc. 57) and **DENY** Defendant's motion to stay trial pending resolution of dispositive motions (Doc. 62). The Court will **GRANT IN PART** Plaintiff's motion to file a sur-reply (Doc. 58) only to the extent that it may provide Directive 5 to the Court.

**AN APPROPRIATE ORDER WILL ENTER.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

---

[1] Defendant does state that "[o]ther than the initial spring 2020 shutdown, JPM cannot demonstrate a qualifying suspension of operations." (Doc. 56 at 14.) The Court is unsure whether that is the argument to which Plaintiff is referring; but in any instance, this argument was made in Defendant's motion for summary judgment. Defendant argued that "At no point other than the "initial lockdown" (from March 23, 2020 to April 26, 2020) did JPM experience a full or partial suspension of operations due to a government order… JPM is not entitled to ERC's in quarters three and four of 2020 and quarters one through three of 2021." (Doc. 52 at 27.)

8